# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

## THE PEOPLE OF THE STATE OF NEW YORK, Respondents, *v.* PETER LOUIS OTTO, Appellant.

*Juror — when not disqualified by reason of having formed an opinion — Code of Criminal Procedure, sec.* 376 — *morbid propensity to drink — effect of, as a defense for one tried for murder — Penal Code, sec.* 23.

APPEAL from a judgment of the Erie County Oyer and Terminer, convicting the defendant of the crime of murder in the first degree, and from an order denying a motion made by the defendant in arrest of judgment.

The court, at General Term, said : " The appellant's counsel contends that the defendant's challenge for cause, to the juror Algur, was improperly overruled.· The juror was examined on the subject, and he testified, in substance, that at the time of the homicide he read an account of it in the Weekly Commercial, a newspaper published in Buffalo, and talked about it with his wife; that the account which he read told something of the circumstances; that he had no reason to doubt the truth of the statement, and supposed it was true.

" Q. Did it make any impression on your mind respecting the guilt or innocence of the defendant? A. Not particularly at the time; I think not. Q. Believing that to be true, was there no impression formed on your mind respecting the defendant's guilt? A. Why, something of one, of course. Q. Can you say whether it would require evidence to remove that impression? A. Perhaps it would some. Q. Can you say how much evidence it would take? A. No, I couldn't tell; I haven't any formed impression about the matter, not knowing but a little of it; I merely read the notice, until of late I heard it was to be called up. Q. When have you read most lately concerning this case? A. The last I read of it was this last week; I read a notice in the 'Commercial.' Q. And

that revived your recollection of what you had read concerning the case before? A. I remembered the incident then; yes, sir. Q. You say that you cannot say how much evidence would be required to remove the impression you formed then? A. No, sir, I cannot. Q. But you are certain that it would require some evidence to remove that impression? A. Yes, sir; more or less. On being examined by the prosecuting attorney, the following occurred: Q. I understand you to say, then, you have a personal opinion regarding the guilt or innocence of the defendant? A. I never have formed any firm opinion about it; I had my impression at the time I read it only. Q. Do you not think you could sit as a juror in this case and render an impartial verdict according to the evidence? A. Why perhaps I could; yes. Q. That you could lay aside the opinion entirely? A. I have no firm opinion in the matter. Q. And you could lay aside this opinion or impression? A. Yes, I should think so. Q. It wouldn't influence your verdict? A. I don't know why it should; I have no opinion, only I read the notice of the matter and at the time I read I thought I had my opinion of it.

" By the COURT. — What he wants to know now is whether you would be able to dispossess your mind of that opinion and determine the case without being biased or influenced by any opinion which you have. A. Well, I don't know; I don't know how deep the impression I have is; I don't think it would affect me, but it might; I couldn't say. Q. What is your belief on that subject. A. I have my opinion, you know. Q. What is your belief as to whether you could listen to the evidence and decide the case without being influenced by any opinion? A. I have no opinion formed that would influence me in the case in my consideration of the evidence or in the verdict. The challenge of the defendant's counsel for cause was then overruled and the defendant's counsel excepted.

" Section 376 of the Code of Criminal Procedure provides, among other things, that ' the previous expression or formation of an opinion or impression in reference to the guilt or innocence of the defendant, or a present opinion or impression in reference thereto, is not a sufficient ground of challenge for actual bias to any person otherwise legally qualified, if he declare on oath that he believes that such opinion or impression will not influence his verdict, and that he can render an impartial verdict according to the evidence, and

the court is satisfied that he does not entertain such a present impression or opinion as would influence his verdict.'

"In view of the testimony given by the juror, and especially his last answer above stated, we think the trial judge was warranted in overruling the challenge. The following cases, some of which were decided under the acts of 1872 and 1873, the substance of which, so far as this point is concerned, is incorporated in the section of the Code of Criminal Procedure above quoted, are authorities for this position. (*Thomas* v. *People*, 67 N. Y., 218; *Phelps* v. *People*, 72 id., 334; *Balbo* v. *People*, 80 id., 484; *Cox* v. *People*, Id., 500; *People ex rel. Phelps* v. *Oyer and Terminer*, 83 id., 436; *Abbott* v. *People*, 86 id., 460.) There were facts in the cases of *Greenfield* v. *People* (74 N. Y., 277) and of *People* v. *Casey* (96 id., 115) not existing in this case, which the Court of Appeals thought took those cases out of the line of authorities above cited.

*　　*　　*　　*　　*

"The appellant's counsel also insists that the court erred in refusing to charge, as requested, that 'if the jury are satisfied the intoxication of the defendant was the result of a morbid desire for drink, the defendant must be acquitted.' The court replied to that request: 'No, gentlemen, I cannot charge that, but, on the contrary, I have read you this twenty-third section, which provides that a morbid propensity to commit prohibited acts, existing in the mind of a person who is not shown to be incapable of knowing the wrongfulness of such acts, forms no defense to a prosecution therefor.' The section referred to is the twenty-third of the Penal Code, and it seems to justify the refusal to charge as requested."

*E. A. Hayes*, for the appellant.

*Edward W. Hatch*, district attorney, and *George T. Quinby*, for respondent.

Opinion by SMITH, P. J.; BARKER and BRADLEY, JJ., concurred.

Conviction and judgment affirmed, and the case remitted to the Court of Oyer and Terminer of Erie county to proceed therein.